DENNIS BOYLE v. MUSSER–SAUNTRY LAND, LOGGING & MANUFACTURING COMPANY.[1]

May 9, 1902.

Nos. 12,927—(83).

### Logging Contract—Option as to Scale.

A logging contract provided that the contractor should have the option of adopting the official scale at Lake St. Croix as the final basis for settlement, instead of the scale where the logs were banked,—a place distant more than one hundred miles up the St. Croix river and its tributaries. *Held*, such option could be exercised each year with reference to the work annually accomplished.

### Construction of Contract.

For the first three years' operations, the contractor accepted the bank scale as the basis of settlement, and during those years the bank scale exceeded the official scale by 1,706,400 feet. During operations for each of the subsequent years, the contractor adopted the official scale. *Held*, from the terms of the contract, in view of the nature of the business, the parties contemplated, not only that some of the logs cut and banked each year would fail to arrive in time for the annual official scaling, and would come in during subsequent drives, but also that some of them might be lost, stolen, or detained, and never reach their destination.

### Same—Annual Settlement.

*Held*, the annual official scale established prima facie the number of feet cut per annum, and was the proper basis upon which to estimate compensation. *Held*, that the contract provided for annual settlements, and interest upon unpaid balances, to be computed from the date fixed in each year for final settlement.

Action in the district court for Washington county to recover a balance of $11,533.02 alleged to be due upon a logging contract.

[1] Reported in 90 N. W. 319.

The case was tried before Williston, J., who found in favor of plaintiff for $8,320.47. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Clapp & Macartney*, for appellant.

*J. N. Searles*, for respondent.

LEWIS, J.

The material part of the contract under consideration will be found in the opinion of a former case between the same parties. Boyle v. Musser-Sauntry L., L. & M. Co., 77 Minn. 206, 79 N. W. 659. During the first three years of operation the plaintiff and his assignor, Gaslin, accepted the so-called bank scale, and settlement was made for those years upon that basis. During each of the next succeeding seven years, plaintiff exercised the option provided in the contract, and claimed payment upon the scale of logs to be made by the surveyor general in Lake St. Croix. The contract was finally completed during the season of 1898–1899, and payment was made, from time to time, during each of those years. This action was brought to recover the balances claimed to be due for several of the years during the period of operation. The trial court found that the total amount cut and delivered by the plaintiff for the entire seven years was 24,759,110 feet, according to the official scale, and awarded judgment for the balance due upon such estimate.

Appellant construes the contract to mean that the contractor had the option to, at any time during the life of the contract, determine which scale (bank or official) he would adopt, but that, when the option was once exercised, the scale so adopted became final and binding for all subsequent years. This view is not sustained by the terms of the agreement. The plain meaning is that each year's cut was treated as independent with respect to making estimates for compensation, and the option could be exercised each year, according to the work annually accomplished.

The main proposition argued on behalf of the defense is that plaintiff did not make a prima facie case by simply showing the number of feet by the official scale; that it appeared that the bank scale, for the first three years' operation under the contract,

85 M.—11

exceeded the official scale for those years by 1,706,400 feet, and that it was obligatory upon plaintiff to prove that no part of such excess was included in the official scale for the subsequent years. This claim is based upon the presumption that the 1,706,400 feet, in coming down the streams, must have become intermingled with logs subsequently cut, and estimated by the surveyor general during the ensuing years. The parties to the contract were experienced lumber and logging men, who must be presumed to have advisedly employed the terms of the agreement. In the former case, 77 Minn. 206, 79 N. W. 659, supra, this plaintiff was endeavoring to recover from the defendant herein for logs which annually failed to arrive in Lake St. Croix in time to be scaled that year by the surveyor general, and in construing the contract the court said: "The plaintiff's construction of the contract is that the surveyor general's scale is conclusive evidence of the number and quantity of only such logs as were scaled by him, and not evidence that there were no other logs landed by the plaintiff than those scaled by him. Such construction of the contract is not justified either by its letter or spirit." The court held that, after the contractor elected to accept the official scale, he assumed, to the extent of his compensation therefor, the loss of all logs incident to the driving of them to the lake in the usual way, and that the contract, in that respect, was conclusive as to the amount of logs cut and banked, in the absence of fraud or negligence.

Applying this reasoning to the present case, the parties must be presumed to have contemplated, not only that a portion of the logs in the river should fail to arrive in Lake St. Croix in time to be scaled by the surveyor general that season, within the time fixed by the contract, and that a number would come in, from time to time, during subsequent years, but also that some of the logs might be lost entirely. Therefore, in providing that the official scale should be final and conclusive at the election of the contractor, it was intended that such scale would be prima facie evidence of the amount cut and banked, and of the amount due under the contract for each particular year. There is no evidence in the case that any of the 10,336,020 feet was included in the subsequent official scalings, except the presumption which might

arise from the fact that they were placed in the streams and would naturally come down to the lake. But the place of banking the logs was more than one hundred miles above the lake, and the St. Croix river was used by many other parties in transporting logs during the same time, and there were many opportunities for these logs to have become commingled with others, or to have been stolen, delayed, or stranded along the way. In our judgment, respondent established a prima facie case when he produced the annual official scale bills, and the burden was upon the defense to show that the estimate upon that basis was increased by including a part of the logs previously paid for.

The only other question which requires notice is the computation of interest. Under the terms of the contract, settlement for each year's work was to be made annually on September 1; therefore September 1 was the due day. The sum, as finally settled for each year, became due upon that day, and legal interest was correctly estimated in accordance with that theory by the trial court.

It is unnecessary to refer to the assignments of error in detail, as the case is controlled by the propositions already discussed.

Order affirmed.